

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 1, 1973

The Honorable J. Manley Head
Executive Secretary of the Texas
Board of Chiropractic Examiners
1002 City National Bank Building
Austin, Texas 78701

Opinion No. H- 42

Re: Authority of the Texas Board
of Chiropractic Examiners to
regulate advertising by chiro-
practors and to enforce such
regulations.

Dear Mr. Head:

Your letter requesting our opinion advises that on September 23, 1973, the Texas Board of Chiropractic Examiners passed a rule reading:

"Under the provisions of paragraphs 5, 6, and 8 of Section 14a [Article 4512b, §14a] the Board rules that it shall be considered unprofessional conduct for a licensee:

. . .

"9. To advertise in newspapers with advertisements in excess of two column inches except in institutional advertising under the auspices of a chiropractic organ- ization recognized by the Texas Board of Chiropractic Examiners."

The practice of chiropractic is governed by Article 4512b, V. T. C. S., which creates the Texas Board of Chiropractic Examiners and authorizes it (§ 4a) "to make such rules and regulations not inconsistent with this law as may be necess ary for the performance of its duties, the regulation of the practice of chiro- practic, and the enforcement of this Act."

Section 14a as amended in 1971 (Acts 1971, 52nd Leg., p. 1349, Ch. 357) lists twenty-one specific derelictions for which the Board of Chiropractic Examiners may refuse to admit a person to its examinations or may cancel, revoke or suspend licenses or place licensees upon probation. Paragraph 5 thereof conce among other things, grossly unprofessional or dishonest conduct of a character likely to deceive or defraud the public; paragraph 6 concerns the use of advert- ising of a character to mislead or deceive; and paragraph 8 concerns the advert ising of professional superiority, or of superior performances. But none cove the size of advertisements to be placed in newspapers as does Rule 9. Sub-

p. 170

section 19 of § 14a does proscribe ads in excess of two inches by one column in the yellow pages of telephone directories.

It is our opinion, therefore, that Rule 9 adopted in September, does not conflict with but rather is quite consistent with the provisions of Article 4512b.

As to the authority of the Board of Chiropractic Examiners to adopt a rule such as Rule 9, there is a remarkable similarity between § 4a of Article 4512b, quoted above, and Article 4556, Vernon's Texas Civil Statutes, governing the authority of the Texas State Board of Examiners in Optometry which Board is given the power "to make such rules and regulations not inconsistent with this law as may be necessary for the performance of its duties, the regulation of the practice of optometry and the enforcement of this Act." In Kee v. Barber, 303 S. W. 2d 376 (Tex. 1957) the Supreme Court noted the similarity of the authorization in the optometry statute to that in Article 320a-1 authorizing the Supreme Court of Texas to "propose rules and regulations . . . for the . . , conduct of the State Bar . . ." and in Article 4509 authorizing the Texas State Board of Medical Examiners to "make such rules and regulations not inconsistent with this law as may be necessary for . . . the regulation of the practice of medicine . . ." The Court upheld the action of the Texas State Board of Examiners in Optometry in adopting additional rules.

Article 4563 of the Act governing optometry, like Article 4512b, § 14a, governing the practice of chiropractic, listed a number of specific acts for which a license may be refused or cancelled or revoked. The Supreme Court in Texas State Board of Examiners in Optometry v. Carp, 412 S. W. 2d 307 (Tex. 1967) upheld a specific rule on its findings that the provisions of the rule were in harmony with the general objectives of the act and were consistent with one or more of its specific proscriptions.

In accordance with that decision it is our opinion that Rule 9 adopted by the Texas Board of Chiropractic Examiners is within the scope of authority granted to that Board and its violation would authorize the Board to cancel, revoke or suspend the license of a licensed Texas chiropractor.

You have not advised us how Rule 9 fits in with the other provisions of Article 4512b and, without such knowledge, we do not know and do not answer as to whether its enforcement comports with the requirements of due process and equal protection. We only answer that, in our opinion, the Texas Board of Chiropractic Examiners, when empowered to make

rules and regulations necessary for the regulation of the practice of chiropractic, did have the right to adopt Rule 9 as one such rule.

## SUMMARY

Section 4a of Article 4512b empowering the Texas Board of Chiropractic Examiners to adopt rules and regulations necessary for the regulation of practic of chiropractic authorizes the adoption by the Board of such rules including a rule limiting the size of newspaper advertisements, provided that such rules do not conflict with and are consistent with specific prohibitory language of Section 14a of Article 4512b.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee